**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1503-23

LAW OFFICE OF EUGENE D.
ROTH and GORSKI &
KNOWLTON, PC,

     Plaintiffs-Respondents,

v.

ANGELO SLABAKIS,

     Defendant-Appellant.

_____

Argued August 13, 2024 – Decided August 23, 2024

Before Judges Mayer, Firko and Bishop-Thompson.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1973-22.

Saeed A. Rizvi argued the cause for appellant (Law Office of Saeed A. Rizvi, LLC, attorneys; Saeed A. Rizvi, on the briefs).

Paul V. Fernicola argued the cause for respondents (Paul V. Fernicola & Associates, LLC, attorneys; Paul V. Fernicola, of counsel and on the brief; Robert E. Moore, on the brief).

PER CURIAM

By leave granted, we review the following orders: an October 19, 2023 order denying a motion filed by defendant Angelo Slabakis to disqualify counsel for plaintiffs Law Office of Eugene D. Roth and Gorkski & Knowlton, PC, and granting plaintiffs' motion for a protective order; and a December 4, 2023 order denying reconsideration of the October 19, 2023 order. We affirm all orders on appeal.

We summarize the facts from the motion record. In 2015 and 2016, plaintiffs represented defendant in two bankruptcy cases pending before the United States Bankruptcy Court for the District of New Jersey (bankruptcy matters). Paul V. Fernicola & Associates, LLC (Fernicola firm) and Paul V. Fernicola worked with plaintiffs in representing defendant's interests in the bankruptcy matters.

Defendant retained the Fernicola firm because Fernicola is a certified trial attorney and the bankruptcy matters were likely to proceed to trial. Plaintiffs are experienced bankruptcy counsel but are not certified trial attorneys. The signed written retainer agreement between Fernicola and defendant provided the Fernicola firm would represent defendant and his company, Trainon, LLC, "in a limited scope" pertaining to the bankruptcy matters. Specifically, the retainer

agreement stated the Fernicola firm would "assist in opposing [a pending] motion to hold [defendant] in contempt and to attempt to resolve[] outstanding discovery issues" in the bankruptcy matters. Because the bankruptcy matters resolved prior to trial, the Fernicola firm's work on defendant's behalf was even more limited.

In 2018, after dismissal of the bankruptcy matters, the Fernicola firm filed a complaint against defendant in the Superior Court of New Jersey, Law Division, Monmouth County, to collect unpaid legal fees related to the bankruptcy matters (Fernicola collection action). After the close of discovery, the Fernicola firm moved for summary judgment. In an April 16, 2019 order, the motion judge granted summary judgment in favor of the Fernicola firm, finding defendant liable for payment of legal fees owed to the Fernicola firm for representing defendant in the bankruptcy matters. On August 29, 2019, the judge entered a final judgment against defendant in the amount of $38,304.81.

Defendant made payments to satisfy the judgment in the Fernicola collection action. In January 2020, the Fernicola firm filed a warrant to satisfy judgment, evidencing defendant's satisfaction of the August 29, 2019 final judgment.

A-1503-23

Plaintiffs had separate retainer agreements with defendant for their legal services in the bankruptcy matters. Plaintiffs invoiced defendant monthly for legal work in the bankruptcy matters. Although defendant paid some of the invoiced amounts, plaintiffs asserted defendant still owed legal fees.

From 2016 through 2018, plaintiffs corresponded with defendant, requesting payment for their legal services in the bankruptcy matters. Defendant responded he had ongoing projects, and anticipated those projects would generate sufficient income to pay plaintiffs' outstanding legal fees. Despite promising to pay the outstanding invoices, defendant made no additional payments to plaintiffs.

On November 20, 2020, defendant executed an affidavit of confession of judgment (Confession of Judgment), acknowledging he and Trainon, LLC owed the Law Office of Eugene D. Roth the sum of $127,856.93. About one year later, the Law Office of Eugene D. Roth, defendant, and Trainon, LLC executed a "Modified Forbearance Agreement" (Forbearance Agreement) regarding outstanding legal fees in the bankruptcy matters.

Under the Forbearance Agreement, defendant agreed to pay $100 for three months, commencing November 1, 2021, and pay the balance owed for legal services in the bankruptcy matters by January 31, 2022. If defendant made the

payments under the Forbearance Agreement, the Law Office of Eugene D. Roth agreed to accept $125,000 in full satisfaction of its unpaid legal fees. However, defendant defaulted on his obligations under the Forbearance Agreement.

As a result of defendant's failure to make payments under the Forbearance Agreement, in July 2022, plaintiffs filed a collection action against defendant in the Superior Court of New Jersey, Monmouth County, Law Division (book account action). Fernicola and the Fernicola firm represented plaintiffs in the book account action.

In September 2022, defendant filed an answer and counterclaim against plaintiffs. In his counterclaim, defendant alleged plaintiffs charged excessive, unreasonable, and unconscionable legal fees for their work in the bankruptcy matters. According to defendant, the law firm filing the September 22 answer and counterclaim consisted of transactional attorneys rather than litigators, and counsel filed the responsive pleading on his behalf to avoid the entry of default.

Defendant subsequently retained new counsel, who filed a substitution of attorney on December 1, 2022.[1] At a December 8, 2022 case management conference, defense counsel represented defendant intended to file a motion to

---

[1] Substituted counsel, who represented defendant in the book account action, represents defendant on appeal.

A-1503-23

disqualify Fernicola and the Fernicola firm from continuing to represent plaintiffs in the book account action.

Despite the representation made by defense counsel at the December 8 case management conference, defendant did not move to disqualify plaintiffs' counsel until June 22, 2023. According to defense counsel, "[d]ue to the holiday season" and his "being a solo practitioner with no staff and a large caseload," defendant was unable to file the disqualification motion sooner.

On March 6, 2023, plaintiffs moved for summary judgment based on the Confession of Judgment. Defendant opposed the motion and filed a cross-motion to vacate the Confession of Judgment.

According to defense counsel, defendant "was forced to pivot and defend against [p]laintiffs' motion and file a [c]ross-[m]otion to [v]acate the Confession of Judgment." Defendant purportedly sought to avoid incurring legal expenses associated with the filing of a disqualification motion until the motion judge decided plaintiffs' summary judgment motion and his motion to vacate the Confession of Judgment. The trial court judge denied the motions on May 26, 2023, and extended fact discovery to September 2023.

On June 22, 2023, defendant moved to disqualify Fernicola and the Fernicola firm from representing plaintiffs in the book account action. In

seeking the disqualification of plaintiffs' counsel, defendant argued that "to fully prosecute [his] counterclaim and defend against [p]laintiffs' [book account action]," he required "Fernicola's attorney notes and/or correspondence between Fernicola and third-parties related to the [b]ankruptcy [m]atters which [was] unobtainable from any source other than Fernicola." Plaintiffs opposed the motion and filed a cross-motion for a protective order.

During argument on the motions, the judge asked defense counsel to articulate the arguments in support of disqualification. Defense counsel asserted Rule of Professional Conduct (RPC) 1.9(a) barred Fernicola and his firm from representing plaintiffs in the book account action based on Fernicola's representation of defendant in the bankruptcy matters.[2] Defense counsel explained: "[T]his case is all about the reasonableness of the fees, whether they were pursuant to the standard of care or not," and asserted "the issues are related, and the evidence is the same or substantially similar." In an October 19, 2023 order, the motion judge denied defendant's disqualification motion.

In a decision placed on the record at the conclusion of the motion arguments, the judge provided a procedural and a substantive reason for denying

---

[2] During oral argument on the disqualification motion, defense counsel never raised RPC 3.7 as a basis for disqualifying Fernicola and the Fernicola firm.

defendant's disqualification motion. In support of the procedural basis for denying the motion, the judge, relying on Alexander v. Primerica Holdings, 822 F.Supp. 1099 (D.N.J. 1993), found defendant delayed in filing the disqualification motion, resulting in his waiver of the right to pursue such relief. The judge stated defendant waited to file the disqualification motion until June 2023, nearly one year after Fernicola filed plaintiffs' book account action, despite knowing of the potential conflict at the time plaintiffs' filed their complaint.

The judge further denied defendant's disqualification motion on substantive grounds. The judge explained he failed to see "how the mere fact that there were fees charged by plaintiffs' counsel in the underlying bankruptcy, which was the subject of [the Fernicola collection action], which ha[d] been resolved, and [for which] fees [had] been paid," warranted the disqualification of Fernicola and the Fernicola firm from serving as plaintiffs' counsel in the book account action. As the judge stated, "to the extent that [defendant] need[ed] to know what the fees [charged by the Fernicola firm in the bankruptcy matters] were and . . . how much [the Fernicola firm in the bankruptcy matters] was paid, there's an entire file on that," referring to the Fernicola collection action. Further, the judge concluded there was "no direct relationship" between

the fees charged by Fernicola in the bankruptcy matters and plaintiffs' book account action to collect their unpaid legal fees in the bankruptcy matters. In denying defendant's disqualification motion, the judge also found the disqualification of Fernicola and the Fernicola firm after defendant litigated the book account action for nearly a year "would be . . . unduly prejudicial to [] plaintiff[s]."

For the same reasons he denied defendant's disqualification motion, the judge also granted plaintiffs' motion for a protective order. In the October 19, 2023 order, the judge "barr[ed] [d]efendant from serving discovery upon, deposing and/or presenting testimony at trial of Paul V. Fernicola, Esq."

Thereafter, defendant moved for reconsideration, which the judge denied in a December 4, 2023 order. Defendant filed a motion for leave to appeal from the October 19, 2023 and December 4, 2023 orders. In a January 22, 2024 order, we granted defendant's motion and accelerated the appeal.

On appeal, defendant raises the following arguments: the judge erred in denying his motion to disqualify plaintiffs' counsel in the book account action; the judge abused his discretion in granting plaintiffs' motion for a protective order; and RPC 3.7(a) precluded Fernicola's representation of plaintiffs in the book account action. We reject these arguments.

"[A] determination of whether counsel should be disqualified is, as an issue of law, subject to de novo plenary appellate review." City of Atl. City v. Trupos, 201 N.J. 447, 463 (2010). The burden is on the movant, defendant in this case, to prove a basis for disqualification. See State v. Hudson, 443 N.J. Super. 276, 282 (App. Div. 2015).

In reviewing a motion for the disqualification of adverse counsel based on the RPCs, courts are required to "balance competing interests, weighing the need to maintain the highest standards of the profession against a client's right freely to choose his counsel." Twenty-First Century Rail Corp. v. N.J. Transit Corp., 210 N.J. 264, 273-74 (2012) (quoting Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 218 (1988)). "[T]o strike that balance fairly, courts are required to recognize and to consider that 'a person's right to retain counsel of his or her choice is limited in that there is no right to demand to be represented by an attorney disqualified because of an ethical requirement.'" Id. at 274 (quoting Dewey, 109 N.J. at 218).

"Disqualification of counsel is a harsh discretionary remedy which must be used sparingly." Dental Health Assocs. S. Jersey, P.A. v. RRI Gibbsboro, LLC, 471 N.J. Super. 184, 192 (App. Div. 2022) (quoting Cavallaro v. Jamco Prop. Mgmt., 334 N.J. Super. 557, 572 (App. Div. 2000)). Disqualification

motions are "viewed skeptically in light of their potential abuse to secure tactical advantage." Escobar v. Mazie, 460 N.J. Super. 520, 526 (App. Div. 2019) (citing Dewey, 109 N.J. at 218).

We begin with defendant's contention, raised for the first time on appeal, that RPC 3.7(a) precludes Fernicola's representation of plaintiffs in the book account action. Having reviewed the record, defendant did not present this argument to the motion judge in support of his disqualification motion. In fact, defendant's citations to the record on appeal do not reflect any arguments offered to the motion judge for disqualification based on RPC 3.7(a).

We "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). Neither situation is present here. Thus, we decline to consider this argument.

We next review the judge's denial of defendant's disqualification motion under RPC 1.9(a). This RPC provides: "[a] lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a

substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing." RPC 1.9(a).

RPC 1.9(a) "is triggered when two factors coalesce: the matters between the present and former clients must be 'the same or . . . substantially related,' and the interests of the present and former clients must be 'materially adverse.'" Trupos, 201 N.J. at 462 (omission in original). Our Supreme Court stated "matters are deemed to be 'substantially related' if (1) the lawyer for whom disqualification is sought received confidential information from the former client that can be used against that client in the subsequent representation of parties adverse to the former client, or (2) facts relevant to the prior representation are both relevant and material to the subsequent representation." Twenty-First Century Rail, 210 N.J. at 274 (quoting Trupos, 201 N.J. at 467).

Applying the governing case law, Fernicola's representation of plaintiffs would violate RPC 1.9 if: (1) the Fernicola firm's representation of plaintiffs in the book account action is the same as, or substantially related to, the bankruptcy matters; (2) the interests of plaintiffs and defendant are materially adverse; and (3) defendant did not provide written informed consent to Fernicola's representation of plaintiffs.

Having reviewed the record, defendant is unable to satisfy the first prong of RPC 1.9(a). The facts relevant to Fernicola's representation of defendant in the bankruptcy matters are not the same or substantially related to the facts pertaining to plaintiffs' book account action. Fernicola handled pretrial discovery and certain pretrial motions on defendant's behalf in the bankruptcy matters. In the book account action, Fernicola filed suit to recover unpaid legal fees owed to plaintiffs for their work on defendant's behalf in the bankruptcy matters. We agree with the motion judge that defendant failed to establish a "direct relationship between . . . the representation that [Fernicola] undertook in his part of the bankruptcy and the fees associated with the kind of work performed by the other attorneys who are bringing [the book account action]."

Nor did defendant identify any confidential information Fernicola received in representing defendant in the bankruptcy matters that could be used against him in the book account action. The bankruptcy matters involved complex bankruptcy issues, requiring the legal acumen of experienced bankruptcy counsel to address the bankruptcy issues, and the skills of a certified trial attorney to handle the trial issues.[3] In the book account action, plaintiffs seek payment for legal services rendered on defendant's behalf in the bankruptcy

---

[3] As we previously noted, the bankruptcy matters resolved prior to trial.

A-1503-23

matters. Such payment has nothing to do with the merits of the bankruptcy matters.

Additionally, because the bankruptcy matters never went to trial, Fernicola certified he gained no confidential information from his representation of defendant in the bankruptcy matters. On this record, nothing in Fernicola's representing of defendant in the bankruptcy matters is the same as, or substantially related to, plaintiffs' book account action.

In support of his arguments for disqualification, defendant relies on In re Estate of Krivulka, Nos. A-0863-20 and A-0803-20 (App. Div. Aug. 26, 2022). However, defendant's reliance on that case is misplaced for several reasons. First, Krivulka is an unpublished decision. "No unpublished opinion shall constitute precedent or be binding upon any court." R. 1:36-3.

Additionally, the facts before the panel in Krivulka are distinguishable from the facts in this matter. In Krivulka, the court determined the matters in which the defendant law firm represented the parties were the same—legal matters related to estate planning and estate administration. Here, the two matters are not the same. Fernicola's representation of defendant in the bankruptcy matters bears no similarity to Fernicola's representation of plaintiffs in the book account action.

Moreover, unlike the plaintiff in Krivulka, who had no knowledge of documents evidencing the defendant law firm's strategies directly adverse to the plaintiff in the estate matters, defendant knew for almost a year that he had a basis to seek Fernicola's disqualification. Indeed, at least six months before filing the disqualification motion, defense counsel advised the judge that defendant intended to seek the disqualification of plaintiffs' counsel. Further, unlike the defendant law firm in Krivulka, neither plaintiffs nor Fernicola withheld information justifying defendant's delay in filing the disqualification motion.

In defending against the book account action, defendant argues he intends to challenge "the reasonableness of [p]laintiffs' legal fees in the [b]ankruptcy matters." Defendant asserts, "whether [p]laintiffs unlawfully billed [defendant] for activities/services Fernicola rendered is material to whether [p]laintiffs' legal fees were reasonable."

Defendant has invoices for Fernicola's legal work in the bankruptcy matters from the Fernicola collection action. He thus possesses sufficient information to challenge whether he "may have been excessively and/or duplicate billed for same by [p]laintiffs." Defendant may use Fernicola's

invoices in the bankruptcy matters to establish his affirmative defenses and counterclaim in the book account action. Defense counsel may dispute the reasonableness of plaintiffs' invoices in the bankruptcy matters by comparing those invoices with Fernicola's invoices without requiring disqualification of Fernicola and the Fernicola firm. Nothing in Fernicola's representation of plaintiffs in the book account action precludes defense counsel from cross-examining plaintiffs regarding their fees charged in the bankruptcy matters. On this record, we are satisfied the motion judge properly denied defendant's disqualification motion.

We next consider defendant's argument that the judge abused his discretion in granting plaintiffs' request for a protective order. Our scope of review of a protective order determination is deferential. State v. Ramirez, 252 N.J. 277, 298 (2022). The issuance of a protective order is considered a discovery matter, and "[a]ppellate courts 'generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of applicable law.'" Ibid. (quoting State v. Brown, 236 N.J. 497, 521 (2019)).

Here, we discern no abuse of discretion in granting plaintiffs' request for a protective order. The discovery defendant seeks from Fernicola relates to

16

plaintiffs' alleged duplicate, unreasonable, and excessive legal fees charged in the bankruptcy matters. As we previously stated, defendant has Fernicola's invoices related to the bankruptcy matters from the Fernicola collection action. Defendant is free to use those invoices to challenge the reasonableness of the fees charged by plaintiffs in the bankruptcy matters. Under the circumstances, defendant has the ability to contest the reasonableness of plaintiffs' legal fees without requiring additional discovery from Fernicola.

We next consider defendant's contention that the judge erred in denying his motion for reconsideration of the October 19, 2023 order. Although the December 4, 2023 order denying reconsideration was included in his notice of appeal, defendant failed to brief the issue in his initial merits brief or reply brief. "An issue that is not brief is deemed waived upon appeal." N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) (citing Fantis Foods v. N. River Ins. Co., 332 N.J. Super. 250, 266-67 (App. Div. 2000)). Additionally, the judge denied defendant's reconsideration motion for the same reason he denied defendant's disqualification motion, which we now affirm.

A-1503-23

To the extent we have not specifically addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION